**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA,<br><br>    Respondent. | Case No. 1:25-cv-00439-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S MOTION TO COMPEL, DENYING PETITIONER'S MOTION TO LIMIT REPLY, AND GRANTING PETITIONER'S MOTION FOR LODGMENT OF EVIDENCE<br><br>(ECF Nos. 1, 16, 19, 25) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition for writ of habeas corpus was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**BACKGROUND**

On September 27, 2018, Petitioner pleaded nolo contendere to three counts of rape by use of drugs. On October 30, 2018, Petitioner was sentenced to a determinate imprisonment term of twenty-four years. (ECF No. 12-1.) Petitioner filed an appeal, challenging only the trial court's imposition of a restitution fine above the statutory minimum its failure to conduct the hearing requested by defense counsel. People v. Potts, No. F080478, 2021 WL 2070472, 2021 Cal. App.

Unpub. LEXIS 3411 (Cal. Ct. App. May 24, 2021). The California Court of Appeal, Fifth Appellate District, remanded the matter "for a hearing in accordance with defendant's objection to the restitution fine" and otherwise affirmed the judgment in all other respects. Potts, 2021 WL 2070472, at *5.

On January 27, 2022, the trial court held a hearing and suspended the restitution fine. (ECF No. 1 at 68–80.) On August 18, 2022,[1] Petitioner constructively filed a state habeas petition in the San Luis Obispo County Superior Court, alleging that the California Department of Corrections and Rehabilitation ("CDCR") continued to deduct money from his prison trust account to pay a restitution fine he longer owed. (ECF No. 21-2.) On January 6, 2023, the San Luis Obispo County Superior Court transferred the petition, and on January 17, 2023, the petition was filed in the Fresno County Superior Court. (ECF No. 21-3 at 3–4.) On September 6, 2023, the Fresno County Superior Court denied the petition. However, the habeas court found that the trial court failed to issue an amended abstract of judgment after the January 27, 2022 hearing. Therefore, the habeas court ordered the trial court "to issue an amended abstract of judgment reflecting that the balance of the $7,200 restitution fine was suspended as of January 27, 2022." (ECF No. 21-3 at 11.) On November 2, 2023, an amended abstract of judgment was filed. (ECF No. 21-1.)

On October 9, 2023, Petitioner constructively filed a petition for writ of habeas corpus and/or writ of mandamus in the California Court of Appeal, Fifth Appellate District, which construed the petition as a petition for writ of mandate and denied the petition without prejudice on March 7, 2024. (ECF Nos. 21-4, 21-5.) On March 29, 2024, Petitioner constructively filed a petition for writ of habeas corpus and/or writ of mandamus in the California Supreme Court, which construed the petition as a petition for review and denied the petition on May 29, 2024. (ECF Nos. 21-6, 21-7.)

---

[1] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 11 at 2 n.2.)

2

1  Meanwhile, on September 2, 2020, Petitioner filed a federal petition for writ of habeas
2  corpus, which was later dismissed without prejudice on July 2, 2024 per Petitioner's request to
3  withdraw the petition. (ECF Nos. 12-17, 12-18, 12-19.) On March 28, 2025, Petitioner
4  constructively filed the instant petition for writ of habeas corpus. (ECF No. 1.) On June 17, 2025,
5  Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year
6  limitation period. (ECF No. 11.) On July 23, 2025, Petitioner filed an opposition and motion to
7  compel. (ECF No. 16.) On August 21, 2025, Petitioner filed a motion to limit Respondent's
8  reply. (ECF No. 19.) On September 2, 2025, Respondent filed the reply. (ECF No. 20.)

## II.

## DISCUSSION

**A. Petitioner's Motion to Compel and Motion to Limit Reply**

On July 23, 2025, Petitioner filed his opposition to the motion to dismiss and a motion to compel Respondent to produce complete and relevant case records to the Court. (ECF No. 16.) Specifically, Petitioner sought an order from this Court to compel Respondent to provide the case files of Fresno Superior Court case number 23CRWR686902, California Court of Appeal, Fifth Appellate District case number F086992, and California Supreme Court case number S284450, which correspond to Petitioner's state habeas proceedings set forth in section I, *supra*.

On August 5, 2025, Respondent filed a motion for a thirty-day extension of time to file a reply to Petitioner's opposition to the motion to dismiss. (ECF No. 17.) In support of the motion, counsel for Respondent declared: "I have exercised diligence in preparing the reply. But given Petitioner's claims in his opposition, I need additional documents from the superior court relating to the resentencing proceedings to respond to Petitioner's timeliness argument. My office has requested those documents but has not yet received them. Thus, I need additional time to obtain and review the requested records and prepare the reply." (ECF No. 17 at 2.) The Court granted the extension of time. (ECF No. 18.)

On August 21, 2025, Petitioner filed a motion to limit Respondent's reply. (ECF No. 19.) Therein, Petitioner states that "Respondent's 'Request for Extension' to procure 'resentencing' documents is deceitful, because [the] petition includes the document and Respondent's office has

1  admitted possession of these documents and used them in the lower courts[.]" (ECF No. 19 at 1
2  (underlining and citations omitted).) Petitioner also claims these documents were already in
3  Respondent's counsel's possession and could have been discovered by review of Petitioner's
4  previous federal habeas case "and through review of their internal files." (ECF No. 19 at 4.)
5  Petitioner requests that the Court prohibit Respondent from lodging or referencing anything
6  outside of what was filed in the motion to dismiss. (Id.)

7        Petitioner's motion to compel and motion to limit reply are in direct contradiction
8  because Petitioner first moves to compel Respondent to provide documents from Petitioner's
9  state habeas proceedings and then moves to prohibit Respondent from lodging documents
10 outside of what was filed in the motion to dismiss. The Court will deny Petitioner's motion to
11 compel as moot because Respondent has provided the Court with the relevant documents from
12 Petitioner's state habeas proceedings. Petitioner has not established that Respondent's request for
13 an extension of time was made in bad faith. Further, Petitioner has not shown how he has been
14 prejudiced by a twenty-six-day delay in the filing of Respondent's reply or by Respondent
15 supplementing the record with documents Petitioner previously wished to compel Respondent to
16 provide. Accordingly, the Court will deny Petitioner's motion to limit reply.

17       **B. Petitioner's Motion for Lodgment of Evidence**

18       On October 24, 2025, Petitioner filed a motion for lodgment of evidence. Therein,
19 Petitioner requests to lodge a copy of the San Luis Obispo County Superior Court order
20 transferring Petitioner's state habeas petition to the Fresno County Superior Court. (ECF No. 25.)
21 As this particular order was not lodged by Respondent,[2] the Court will grant Petitioner's motion
22 for lodgment of evidence.

23       **C. Motion to Dismiss**

24       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
25 of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas

---

[2] The Court notes, however, that Respondent lodged a copy of the Fresno County Superior Court's September 6, 2023 order that set forth the procedural history, including the fact that the petition was originally filed in the San Luis Obispo County Superior Court and later transferred to the Fresno County Superior Court. (ECF No. 21-3.)

corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

1. Commencement of Limitation Period

In most cases, the limitation period begins running on the date that the petitioner's judgment became final. In the motion to dismiss, Respondent argues that because Petitioner did not appeal his sentence, Petitioner's conviction became final on December 19, 2018, sixty days after his October 30, 2018 sentence, when the time for filing a direct appeal expired. (ECF No. 11 at 3–4.) In the opposition, Petitioner asserts that he did file a direct appeal and contends that the January 27, 2022 hearing on the restitution fine reset the AEDPA clock. (ECF No. 16 at 5.) In the reply, Respondent argues that Petitioner was not resentenced on January 27, 2022 but rather the superior court ordered the balance of the fines and fees be suspended, and thus, the

1 limitation period did not restart because Petitioner did not receive a new judgment. Regardless, 2 Respondent contends that "[e]ven restarting the limitation clock on January 27, 2022, 3 Petitioner's federal petition is still untimely." (ECF No. 20 at 1.)

4      Assuming, without deciding, that a new judgment issued on January 27, 2022,[3] the 5 limitation period would begin running on the date the "judgment became final by the conclusion 6 of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). 7 As Petitioner did not appeal after the January 27, 2022 hearing, the judgment became final when 8 Petitioner's time for seeking review expired on March 28, 2022, sixty days after the hearing. See 9 Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, March 10 29, 2022, and absent tolling, was set to expire on March 28, 2023. See Patterson v. Stewart, 251 11 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

12     2. <u>Statutory Tolling</u>

13      The "time during which a properly filed application for State post-conviction or other 14 collateral review with respect to the pertinent judgment or claim is pending shall not be counted 15 toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). An application for state post-16 conviction or other collateral review that is untimely under state law is not "properly filed." <u>Pace</u> 17 <u>v. DiGuglielmo</u>, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the 18 state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations 19 period." <u>Curiel v. Miller</u>, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing <u>Evans v. Chavis</u>, 20 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, 21 or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must 22 itself examine the delay in each case and determine what the state courts would have held in 23 respect to timeliness.'" <u>Robinson v. Lewis</u>, 795 F.3d 926, 929 (9th Cir. 2015) (quoting <u>Chavis</u>, 24 546 U.S. at 197–98).

25 ///

---

[3] "A judgment includes a fine. A restitution fine is a fine." <u>People v. Hong</u>, 64 Cal. App. 4th 1071, 1080 (1998). The Fresno County Superior Court in Petitioner's habeas proceedings noted that "a restitution fine imposed pursuant to Penal Code section 1202. 4, subdivision (b) is an element of the judgment[.]" (ECF No. 21-3 at 6 (citing <u>Hong</u>, 64 Cal. App. 4th at 1080).)

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). The California Supreme Court established the following "three-level analysis for assessing whether claims in a petition for writ of habeas have been timely filed":

> First, a claim must be presented without *substantial delay*. Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions*[.]

Robinson v. Lewis, 9 Cal. 5th 883, 898 (2020) (emphasis in original) (footnote and internal quotation marks omitted) (quoting In re Reno, 55 Cal. 4th 428, 460 (2012)). The following three exceptions are relevant to noncapital cases:

> (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute.

Robinson, 9 Cal. 5th at 898 (internal quotation marks and citations omitted). "The petitioner bears the burden to plead and then prove all of the relevant allegations." Id. (quoting Reno, 55 Cal. 4th at 460). "A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Robinson, 9 Cal. 5th at 900.

### a. CDCR Grievances

Petitioner states that from March 2022 to July 2022, Petitioner filed administrative grievances with the CDCR and argues that he is entitled to tolling for this time period. However, only "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the one-year limitation period, 28 U.S.C. § 2244(d)(2), and the Supreme Court has held that "the phrase 'collateral review' in § 2244(d)(2) means *judicial* review of a judgment in a proceeding that is not part of direct review," Wall v. Kholi, 562 U.S. 545, 547 (2011) (emphasis added). Accordingly, the Court finds that Petitioner's administrative grievances do not statutorily toll the limitation period.

### b. Petition Filed in San Luis Obispo County Superior Court and Transferred to Fresno County Superior Court

On August 18, 2022, Petitioner constructively filed a state habeas petition in the San Luis Obispo County Superior Court. (ECF No. 21-2.) On January 6, 2023, the San Luis Obispo County Superior Court transferred the petition, and on January 17, 2023, the petition was filed in the Fresno County Superior Court. (ECF No. 21-3 at 3–4.) Respondent states that "the clock stopped on January 17, 2023, when the first petition was filed," but makes no mention of the fact that the petition was initially filed in the San Luis Obispo County Superior Court on August 18, 2022, and later transferred to the Fresno County Superior Court.

There is nothing in the record that suggests this petition was not properly filed. Thus, Petitioner is entitled to statutory tolling for the period this state habeas petition was pending in both the San Luis Obispo County Superior Court and Fresno County Superior Court.

### c. California Court of Appeal

On October 9, 2023, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 7, 2024. (ECF Nos. 21-4, 21-5.) There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 20 at 2.) Therefore, Petitioner is entitled to statutory tolling for the period his state habeas petition was pending in the California Court of Appeal and the interval between the superior court's adverse decision and when the petition was filed in the California Court of Appeal. See Chavis, 546 U.S. at 193.

### d. California Supreme Court

On March 29, 2024, Petitioner constructively filed a state habeas petition in the California Supreme Court, which denied the petition on May 29, 2024. (ECF Nos. 21-6, 21-7.) There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 20 at 2.) Therefore, Petitioner is entitled to statutory tolling for the period his state habeas petition was pending in the California Supreme Court and the interval between the Court of Appeal's adverse decision and when the petition was filed in the California Supreme Court. See Chavis, 546 U.S. at 193.

### e. Prior Federal Habeas Petition

On September 2, 2020, Petitioner filed a federal petition for writ of habeas corpus, which was later dismissed without prejudice on July 2, 2024 per Petitioner's request to withdraw the petition. (ECF Nos. 12-17, 12-18, 12-19.) However, AEDPA's limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

### f. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. One hundred forty-two days elapsed between the date the Court assumes Petitioner's state judgment became final (March 28, 2022) and the date Petitioner filed his state habeas petition in the San Luis Obispo County Superior Court (August 18, 2022). AEDPA's one-year clock stopped while Petitioner's state petitions in the San Luis Obispo County Superior Court, the Fresno County Superior Court, the California Court of Appeal, and the California Supreme Court were pending (August 18, 2022–May 29, 2024). Three hundred and two days elapsed between the date the California Supreme Court denied Petitioner's state habeas petition (May 29, 2024) and the date Petitioner constructively filed the instant federal petition for writ of habeas corpus (March 28, 2025). This adds up to 444 days, which is more than the one-year limitations period. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

3. Equitable Tolling

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any argument that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

///


### 4. Res Judicata and Judicial Estoppel

Petitioner argues that "Respondent's motion to dismiss re-litigates a res judicata issue while relying on old priorly filed petitions in the federal case that Respondent stipulated were timely and this Court accepted as fact." (ECF No. 16 at 4 (some capitalization omitted).) "The preclusive effect of a *judgment* is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (emphasis added). As previously noted, Petitioner's earlier federal habeas petition was dismissed without prejudice pursuant to Petitioner's request to withdraw the petition. (ECF No. 12-19.) Given the prior federal habeas proceeding did not result in a judgment, res judicata is not applicable.

The Court construes Petitioner's arguments to raise the issue of judicial estoppel.

> In determining whether to apply judicial estoppel, we consider (1) whether a party's position in the later judicial proceeding is clearly inconsistent with that party's earlier position, (2) whether the party persuaded the first court to accept the earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that one of the two courts was misled, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Randle v. Crawford, 604 F.3d 1047, 1053–54 (9th Cir. 2010) (citing Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782–83 (9th Cir. 2001)). Here, Respondent's assertion of the statute of limitations defense with respect to Petitioner's 2025 federal habeas petition is not clearly inconsistent with Respondent's earlier position that Petitioner's 2020 federal habeas petition was timely. Accordingly, application of judicial estoppel is not warranted.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 19) be GRANTED and the petition for writ of habeas corpus be DISMISSED as untimely.

///

///

///

Further, the undersigned HEREBY ORDERS that:

1. Petitioner's motion to compel (ECF No. 16) is DENIED as moot;
2. Petitioner's motion to limit reply (ECF No. 19) is DENIED; and
3. Petitioner's motion for lodgment of evidence (ECF No. 25) is GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2025**         /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE