UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>                    Petitioner,<br><br>        v.<br><br>CALIFORNIA,<br><br>                    Respondent. | No.  1:25-cv-00439-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>Docs. 11, 27 |

Petitioner Kevin Potts is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 18, 2025, the assigned magistrate judge issued findings and recommendations that recommended granting respondent's motion to dismiss and dismissing the petition as untimely.  Doc. 27.  The magistrate judge concluded that petitioner filed the present federal habeas corpus petition outside the one-year limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Id.* at 9.  While the parties dispute when petitioner's state judgment became final, the magistrate judge found that petitioner's habeas petition is barred as untimely even assuming the state court judgment became final on the date asserted by petitioner.  *Id.* at 5–6, 9.

1

On December 15, 2025, petitioner filed timely objections. Doc. 28.  Petitioner claims the magistrate judge should not have assessed the limitation period beginning on "the date on which the judgment became final," but rather the later "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See* Doc. 28 at 3.  Petitioner asserts the Court should have commenced the one-year period under AEDPA on January 6, 2023, when the San Luis Obispo County Superior Court transferred to the Fresno County Superior Court his state habeas petition.  Doc. 25 at 4.  But the magistrate judge properly found that the one-year period under AEDPA commenced on the date petitioner's state court judgment became final, and that while the limitations period was tolled upon petitioner's subsequent filing of his state habeas petition in the San Luis Obispo County Superior Court, the period resumed running after the California Supreme Court denied his petition.  Doc. 27 at 9.  As the untolled time added up to 444 days, the magistrate judge appropriately found that petitioner's federal habeas petition was filed outside the one-year limitations period.  *Id.*

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the court find the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The Findings and Recommendations issued on November 18, 2025, Doc. 27, are adopted in full;

2. Respondent's motion to dismiss, Doc. 11, is granted;

3. The petition for writ of habeas corpus is dismissed;

4. The Clerk of Court is directed to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 14, 2026

_____
UNITED STATES DISTRICT JUDGE

3